531 Lasven mall #2o051, Stanford, CA 94305

**Blajon Lux**
[Address to be supplied at filing]
[City, California ZIP]
Telephone: [(408)401-0958         ]
Email: [Blajonlux@Ail.LLc ]
**Plaintiff** *Pro Se*



FILED (A)

MAY 18 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **BLAJON LUX, an individual,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**HARJOT TRUCKING, INC., a California corporation; HARJOT BHIN, an individual; and DOES 1–25, inclusive,**<br><br>   **Defendants.** | Case No. __C 26 04683 VKD__<br>*[To be assigned by the Clerk]*<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) **Civil RICO (18 U.S.C. § 1962(c))**<br>(2) **RICO Conspiracy (18 U.S.C. § 1962(d))**<br>(3) **BANE CIVIL RIGHTS ACT (Cal. Civ. Code § 52.1)**<br>(4) **Ralph Civil Rights Act (Cal. Civ. Code § 51.7)**<br>(5) **Assault (California common law)**<br>(6) **Civil Extortion (Cal. Pen. Code §§ 518, 519)**<br>(7) **Intentional Infliction of Emotional Distress**<br>(8) **Negligent Infliction of Emotional Distress**<br>(9) **Civil Stalking (Cal. Civ. Code § 1708.7)**<br>(10) **Conversion**<br>(11) **Statutory Conversion (Cal. Pen. Code § 496(c))**<br>(12) **Unfair Competition (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL (Fed. R. Civ. P. 38)**<br>**AMOUNT IN CONTROVERSY: $10,000,000+** |

## INTRODUCTION

1. This is a personal-injury, civil-rights, and racketeering action by Plaintiff Blajon Lux — a working man — against the corporate motor carrier and its principals who used written threats of immediate physical violence to extort $840.00 from his personal bank account, and then, less than twenty-four hours later, drove their truck into his place of work.

2.  **The threats are not alleged. They are quoted.** In Defendants' own words, transmitted from Defendant Harjot Bhin's personal phone, in writing, on Thursday, May 14, 2026, at 2:29 p.m.:

> *"I need you to Zelle the money right now before leaving"*
>
> *"I'm definitely get that fucking money don't make me beat your ass at the same time"*
>
> *"I'll be there in 20 fucking min"*

3.  Five hours later, acting under the immediate, time-specific threat of physical violence, Plaintiff transmitted **$840.00 via Zelle from his own personal bank account to "HARJOT BHIN."** That is not a commercial transaction. **That is completed extortion under federal law.** 18 U.S.C. § 1951; Cal. Pen. Code §§ 518, 519. The next morning, Defendants delivered rocks and a truck into a structural wall at Plaintiff's job site, consummating the threat in property.

4.  Plaintiff sues in his individual capacity as the direct, personal target of every act alleged. The threats were directed at *him*. The Zelle came out of *his* bank account. The sustained fear is *his*. The $75,000+ in personal out-of-pocket loss to date is *his*. This is not a corporate-derivative action; this is the textbook personal-injury action of an individual whose body was threatened, whose money was extorted, and whose peace of mind was destroyed.

5.  Plaintiff brings two federal claims — Civil RICO (18 U.S.C. § 1962(c)) and RICO Conspiracy (18 U.S.C. § 1962(d)) — and ten supplemental state-law claims, including the **Tom Bane Civil Rights Act, California Civil Code § 52.1**, which expressly authorizes a private civil-rights remedy against any person — public or private — who interferes with another's constitutional or statutory rights by threats, intimidation, or coercion. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004); *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018).

6.  Plaintiff prays for compensatory damages, statutory minimum and treble damages under California Civil Code § 52(b), treble damages and attorney's fees under 18 U.S.C. § 1964(c) and California Penal Code § 496(c), punitive and exemplary damages under California Civil Code § 3294, restitution, injunctive relief, and an aggregate award not less than **ten million dollars**

**($10,000,000).**

7. Plaintiff demands trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); U.S. Const. amend. VII.

## STATEMENT OF ISSUES PRESENTED

8. **Issue One.** Whether Plaintiff, the personal recipient of three written threats of immediate physical violence and the personal sender of $840.00 from his own bank account under duress to the named threat-author, has Article III standing and is the real party in interest under Federal Rule of Civil Procedure 17(a) for claims of extortion, civil rights interference, assault, and personal property conversion.

9. **Issue Two.** Whether *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), bars an individual plaintiff's personal-injury, civil-rights, and personal-property claims when (a) no claim is brought under 42 U.S.C. § 1981, (b) Plaintiff was the direct, named, named-and-quoted personal target of the conduct alleged, and (c) the property converted came from Plaintiff's own personal bank account. *Spoiler:* it does not.

10. **Issue Three.** Whether two electronic messages stating "don't make me beat your ass" and "I'll be there in 20 fucking min," transmitted within two minutes of each other on the date of receipt, plead — under the *Twombly/Iqbal* plausibility standard and the pro se liberal-construction rule of *Erickson v. Pardus*, 551 U.S. 89 (2007) and *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010) — every element of (i) Hobbs Act extortion as a RICO predicate, (ii) California civil extortion, (iii) civil rights interference by threat under California Civil Code § 52.1, (iv) assault, and (v) intentional infliction of emotional distress.

11. **Issue Four.** Whether the cumulative evidentiary mosaic — the verbatim text-thread (Exhibit A); the Zelle confirmation to "HARJOT BHIN" (Exhibit B); the time-stamped rock-dump photograph (Exhibit C); the 10:56 a.m. wall-strike video (Exhibit D); the witness identification (Exhibit E); and the USDOT carrier snapshot (Exhibit G) — assessed cumulatively per *Opara v. Yellen*, 57 F.4th 709, 723–24 (9th Cir. 2023), states a plausible claim for relief on every count.

## I. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over the federal claims under 28 U.S.C. § 1331. A private right of action for Counts One and Two is conferred by 18 U.S.C. § 1964(c).

13. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a). The state-law claims form part of the same case or controversy as the federal claims and arise from the identical operative facts.

14. Venue lies in this District under 28 U.S.C. § 1391(b)(1) (all Defendants reside in California; at least one Defendant resides in this District) and under 28 U.S.C. § 1391(b)(2) (a substantial part of the events giving rise to the claims occurred in this District — in San Jose, California (Defendants' business address) and in Hillsborough, California (Plaintiff's workplace, where Defendants delivered the property-damage component of the scheme)).

15. Intra-district assignment to the San Jose Division is proper under Civil Local Rule 3-2(c) and (e). Defendants' principal place of business is in Santa Clara County; a substantial part of the events occurred in San Mateo County. Both counties are assigned to the San Jose Division.

16. Plaintiff has personally incurred direct, out-of-pocket loss exceeding **$75,000** as a direct and proximate result of Defendants' conduct. Although this Court's jurisdiction rests on federal question, Plaintiff discloses that the diversity-style amount-in-controversy threshold of 28 U.S.C. § 1332(a) is satisfied as a matter of fact.

## II. STATEMENT OF RELATED CASES (Civil L.R. 3-12)

17. Pursuant to Civil Local Rule 3-12, Plaintiff states that he is unaware of any case pending in this District that involves all or a material part of the same subject matter and all or substantially all of the same parties as this action. Plaintiff will promptly file a Notice of Related Case if and when one is identified.

## III. PARTIES

18. Plaintiff **Blajon Lux** is a natural person, an adult, and at all relevant times a resident of the State of California.

19. Defendant **Harjot Trucking, Inc.** is, on information and belief, a California corporation with its principal place of business at 300 Staples Ave, San Jose, California 95127-1558. Harjot

Trucking holds active federal operating authority from the Federal Motor Carrier Safety Administration under USDOT Number 2980627.

20. Defendant **Harjot Bhin** is, on information and belief, a natural person, an adult, a resident of Santa Clara County, California, and a principal of Harjot Trucking, Inc. He is the named recipient of the Zelle transfer at issue and is alleged to have authored the written threats.

21. Defendants **Does 1 through 25**, inclusive, are persons or entities whose true names and capacities are unknown to Plaintiff, who therefore sues them by fictitious names. Plaintiff is informed and believes that additional officers, directors, and managing agents of Defendant Harjot Trucking, Inc. — including, without limitation, persons holding California Secretary of State filings as registered agent and officer — are personally responsible for the conduct alleged and may be added as Doe Defendants upon discovery and proper service.

22. At all relevant times, each Defendant was the agent, servant, employee, joint venturer, partner, alter ego, co-conspirator, or representative of the remaining Defendants, acting within the course and scope of such agency, employment, joint venture, partnership, alter ego, conspiracy, or representation, with the knowledge, consent, ratification, and authorization of every remaining Defendant. *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011) (corporate liability for biased subordinate's intentional act).

## IV. ARTICLE III STANDING

23. Plaintiff satisfies each prong of *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

24. **Injury-in-fact.** Plaintiff has suffered, and continues to suffer, concrete and particularized injury that is actual and not conjectural: (i) the receipt and continuing fear of three written threats of imminent physical violence directed personally at him; (ii) the extorted transfer of $840.00 from his own bank account; (iii) substantial and severe emotional distress, including disturbed sleep, anxiety, hypervigilance, and present and continuing fear for his personal safety; and (iv) personal direct economic loss in excess of $75,000 incurred since the events alleged.

25. **Causation.** Each injury alleged is fairly traceable to Defendants' conduct and is a direct, foreseeable, and proximate consequence. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 654–58 (2008); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

**26. Redressability.** Plaintiff's injuries are likely to be redressed by a favorable decision of this Court. Money damages, statutory treble damages, punitive damages, restitution, and injunctive relief are each sought, available, and effective.

## V. REAL PARTY IN INTEREST AND THE LIMITS OF DOMINO'S PIZZA v. McDONALD

**27.** Plaintiff prosecutes each claim as the real party in interest pursuant to Federal Rule of Civil Procedure 17(a). The substantive rights asserted are *his own*: the right to be free from threats of imminent physical violence; the right to the $840.00 in his own bank account; the right to be free from severe emotional distress wrongfully inflicted; and the right to be free from criminal extortion under 18 U.S.C. § 1951 and California Penal Code §§ 518–519.

**28.** Defendants may be expected to invoke *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), to argue that Plaintiff is a corporate agent who lacks personal standing. That argument fails on three independent grounds, each dispositive.

**29. First — *Domino's* is a Section 1981 case, not a general standing case.** *Domino's* holds, narrowly, that under **42 U.S.C. § 1981** the plaintiff must himself have rights under the contractual relationship alleged to have been impaired by race discrimination. 546 U.S. at 476–80. Plaintiff brings no claim under 42 U.S.C. § 1981. The federal claims here arise under **RICO**, which confers a private right of action upon "[a]ny person injured in *his* business or property by reason of a violation." 18 U.S.C. § 1964(c) (emphasis added). The state-law claims are personal torts and civil-rights claims in which contractual privity is not an element.

**30. Second — Plaintiff is the direct, personal target.** Plaintiff was the personal recipient of the threats, the personal sender of the extorted $840.00 from his own bank account, and the personal sufferer of the resulting emotional and financial distress. He does not sue derivatively. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 (9th Cir. 2002); *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co.*, 943 F.3d 1243, 1248 (9th Cir. 2019).

**31. Third — *Domino's* expressly preserves tort and property claims by the same agent.** The Supreme Court in *Domino's* took pains to limit its holding to "section 1981 actions," 546 U.S. at 479, and noted that nothing in its decision diminished tort, property, or other personal causes

of action by the same agent. *Id.* at 477 n.1. The Court did not hold that an individual personally threatened and personally robbed cannot sue for his own injuries; it could not, and did not.

32. Plaintiff is therefore the proper plaintiff, in his individual capacity, for every claim asserted in this Complaint.

## VI. STANDARD OF REVIEW AT THE PLEADING STAGE (PRE-EMPTIVE STATEMENT)

33. At the pleading stage and on any motion under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded factual allegations of this Verified Complaint as true and draws all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (all factual disputes resolved in plaintiff's favor).

34. **Pro se filings receive liberal construction.** Plaintiff appears *pro se*. The Court is required to construe this Complaint liberally and to "afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se pleadings "must be liberally construed"); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) (pro se complaints held to "less stringent standards than formal pleadings drafted by lawyers"); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). The liberal-construction rule applies with full force even after *Iqbal*. *Hebbe*, 627 F.3d at 342.

35. **Curative amendment is mandatory before dismissal.** Should the Court be inclined to dismiss any cause of action, Plaintiff respectfully requests leave to amend pursuant to *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (pro se plaintiff must be given leave to amend before dismissal unless amendment would be futile); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

36. **Cumulative-mosaic assessment.** Where, as here, multiple causes of action arise from a common factual nucleus, the elements of each claim are assessed by reference to the cumulative evidentiary mosaic, not in isolation. *Opara v. Yellen*, 57 F.4th 709, 723–24 (9th Cir. 2023); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). The Court's eye must be

on the totality of the verbatim threat-thread, the Zelle confirmation to the named threat-author, the rock-dump photograph, the wall-strike video, the eyewitness, and the carrier's own USDOT identification, taken together.

## VII. TRUE THREATS — NOT PROTECTED SPEECH

37. The three messages quoted in Paragraph 2 are **true threats**: serious expressions of an intent to commit an act of unlawful violence to Plaintiff. *Virginia v. Black*, 538 U.S. 343, 359 (2003). They are made directly to the target, with a specific bodily-injury threat ("beat your ass"), a specific time ("20 fucking min"), and a specific demand ("Zelle the money right now"). Defendants — at minimum — consciously disregarded a substantial risk that the messages would be viewed as threatening violence. *Counterman v. Colorado*, 600 U.S. 66, 79–80 (2023). True threats are unprotected by the First Amendment and may form the basis of civil and criminal liability.

## VIII. FACTUAL ALLEGATIONS

38. At all relevant times, Plaintiff was a team member of All In One (AI1) LLC ("AI1"), a California limited liability company providing premium home and corporate services in the San Francisco Bay Area.

39. On information and belief, AI1 retained Harjot Trucking to perform a discrete hauling task at an AI1 project site located in Hillsborough, San Mateo County, California (the "Hillsborough Property").

40. Prior to the work, Plaintiff personally performed AI1's vendor due-diligence on Harjot Trucking and personally arranged for Harjot Trucking to be insured as a contractor on the project, all in good faith.

41. On Thursday, May 14, 2026, at approximately **2:29 p.m. Pacific Time**, the Harjot Trucking principal communicating from a mobile-device contact labeled "HARIOT TRUCKIN..." transmitted to Plaintiff, verbatim and in immediate succession, the three threats reproduced in Paragraph 2 above. A true and correct copy of the thread is attached as **Exhibit A**.

42. Plaintiff, attempting in real time to tender payment lawfully, responded: "Request Zelle"; "For payment"; "If you can't Zelle"; "Meet me I can give you cash." These responses are part of Exhibit A and prove Plaintiff's good faith and the wrongful coercion.

43. Acting under the immediate, written threat of physical violence and an express twenty-minute time-to-arrival promise, on Thursday, May 14, 2026 at approximately **7:25 p.m. Pacific Time**, Plaintiff transmitted **$840.00 via Zelle from his own personal bank account**. The Zelle confirmation reflects the recipient as **"HARJOT BHIN."** Exhibit B.

44. The Zelle transmission was not voluntary. It was made under coercion induced by the wrongful use of fear of unlawful injury to Plaintiff's person, satisfying every element of extortion under 18 U.S.C. § 1951 (Hobbs Act) and California Penal Code §§ 518–519.

45. On **Friday, May 15, 2026, at approximately 9:30–9:38 a.m. Pacific Time**, a Harjot Trucking vehicle deliberately discharged onto the finished pavers at the Hillsborough Property a load consisting of **approximately fourteen thousand (14,000) individual rocks and aggregate pieces**. Plaintiff photographed the discharge and sent the photograph into the same text thread (Exhibit C). Each rock so discharged constitutes a separate physical act causing separate damage to Plaintiff's workplace and a separate, distinct act of intimidation and coercion directed at Plaintiff personally, following on the heels of Defendants' written threats of physical violence less than nineteen hours earlier. See *infra*, § IX (Counting the Violations).

46. On **Friday, May 15, 2026, at approximately 10:56 a.m. Pacific Time**, a Harjot Trucking vehicle struck and damaged a structural wall at the Hillsborough Property. The strike is preserved on time-stamped video, indexed as **Exhibit D.**

47. Throughout the day on May 15, 2026, additional ad hominem written communications were directed at Plaintiff at the A11 jobsite, in the presence of an identified eyewitness and other contractors. **Exhibit E.**

48. Plaintiff is and remains in **sustained fear** of further physical violence at the hands of Defendants. The fear is objectively reasonable given (i) the express written content of the May 14 thread; (ii) Defendants' documented willingness to direct commercial vehicles into Plaintiff's workplace within hours of the threats; and (iii) Defendants' ongoing access to commercial vehicles,

including USDOT-cataloged trucks, capable of inflicting catastrophic personal and property harm.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has personally incurred — and continues to incur — direct out-of-pocket economic costs in excess of **$75,000**, including, without limitation, (a) the $840.00 extorted Zelle payment; (b) replacement transportation and site-protection costs; (c) personal medical and counseling expenses; (d) substitute-vendor procurement costs; (e) personal fees incurred for preservation of evidence and forensic device imaging; (f) lost wages and lost work opportunities; and (g) personal legal expense reasonably expected to be incurred.

50. Each Defendant, as a principal, officer, director, agent, employee, or alter ego of Harjot Trucking, Inc., aided, abetted, ratified, encouraged, agreed to, and/or directly participated in the conduct alleged. Conduct of any Defendant was performed within the course and scope of the agency, employment, or office of each remaining Defendant. *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011).

## IX.  THE CUMULATIVE EVIDENCE MOSAIC

53. Each of the following items of evidence — assessed cumulatively per *Opara v. Yellen*, 57 F.4th 709, 723–24 (9th Cir. 2023), and *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 147 (2000) — establishes each element of each claim. The mosaic is overwhelming:

| # | EVIDENTIARY ITEM | SOURCE | ELEMENTS ESTABLISHED |
|---|---|---|---|
| 1 | Verbatim text-thread, Thursday May 14, 2026, 2:29 p.m. — three messages culminating in "I'll be there in 20 fucking min." | Exhibit A; mobile-device export | Hobbs Act (18 U.S.C. § 1951); PC §§ 422, 518–519; § 52.1 threats; assault; IIED |
| 2 | Plaintiff's good-faith responses — "Request Zelle / For payment / If you can't Zelle / Meet me I can give you cash." | Exhibit A (same thread) | Coercion (not consent); no commercial-purpose defense |
| 3 | Zelle confirmation — $840.00 to "HARJOT BHIN," Thursday May 14, 2026, 7:25 p.m. | Exhibit B; bank statement | Property element of extortion (PC § 518; 18 U.S.C. § 1951); conversion; Pen. Code § 496(c) treble |

| 4 | Photograph — rocks dumped on finished pavers, Friday May 15, 2026, ~9:38 a.m. | Exhibit C; GPS-tagged | Follow-through on threat; reasonable fear; § 52.1 "coercion"; punitive support |
|---|---|---|---|
| 5 | Time-stamped video — Harjot truck strikes structural wall, Friday May 15, 2026, 10:56 a.m. | Exhibit D; preserved | Reasonable fear of further harm; vandalism (PC § 594); negligence; punitive |
| 6 | Eyewitness identification — witness present and observed thread on device when received | Exhibit E; AI1 records | Corroboration of every fact; rebuts "self-serving" objection |
| 7 | USDOT carrier snapshot — Harjot Trucking, Inc., USDOT 2980627, with named officers | Exhibit G; FMCSA SAFER | Enterprise (RICO § 1961(4)); identifies actors; insurance disclosure under 49 CFR 387 |
| 8 | Identified threat-author = Zelle recipient ("HARJOT BHIN") | Exhibits A & B compared | Same person who threatened received the property; closes Hobbs Act loop |
| 9 | Temporal proximity — threats 2:29 p.m. → payment 7:25 p.m. → rock dump 9:38 a.m. → wall strike 10:56 a.m. | Exhibits A–D | Pattern of racketeering activity; continuity (H.J. Inc.); intent |
| 10 | Plaintiff's good-faith pre-vetting and personal extension of contractor insurance to Defendants | Plaintiff's testimony; AI1 records | Negates contributory-fault defense; establishes betrayal of trust for punitives |
| 11 | Plaintiff's sustained fear, disturbed sleep, anxiety, ongoing hypervigilance | Plaintiff's verified testimony | Sustained-fear element of PC § 422 (per *People v. Toledo*, 26 Cal.4th 221); IIED |
| 12 | Plaintiff's personal direct out-of-pocket loss exceeding $75,000 | Plaintiff's financial records | Standing; RICO injury to property (§ 1964(c)); IFP eligibility |
| 13 | Harjot Trucking, Inc. status as a federally-cataloged motor carrier (active since March 2017) | FMCSA records | Enterprise element; 49 CFR 387 insurance-disclosure obligation |
| 14 | Defendants' continued operational access to commercial vehicles, drivers, and dispatchers post-events | FMCSA records | Open-ended continuity (H.J. Inc.); reasonable fear of future harm |

| 15 | No legitimate purpose served by Defendants' conduct | Face of Exhibit A | CCP § 527.6; § 52.1; PC § 422; reasonable-person inquiry |

**54.** Each element of each claim is satisfied by reference to this mosaic. The mosaic is not "self-serving": it is built principally on Defendants' own text messages (Ex. A), Defendants' own Zelle account name (Ex. B), and the federal government's own USDOT records (Ex. G).

## X. COUNTING THE VIOLATIONS — THE STATUTORY MULTIPLIER MAKES $10,000,000 CONSERVATIVE

**53.** The Tom Bane Civil Rights Act provides for statutory minimum damages of **four thousand dollars ($4,000) per violation**. Cal. Civ. Code §§ 52.1(c) and 52(a) (referenced through § 52.1(c)). The number of violations is a question of fact for the jury. *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995); *Cornell v. City & County of San Francisco*, 17 Cal.App.5th 766, 803 (2017) (each act of threat, intimidation, or coercion is a discrete violation for damages purposes).

**54.** Plaintiff alleges, and the jury will find, that Defendants committed at minimum the following discrete and separately compensable Bane Act violations on May 14–15, 2026:

**(a)** Each of the three written threat messages transmitted May 14, 2026, at 2:29 p.m. (Exhibit A) is a separate act of threat-and-intimidation directed at Plaintiff's constitutional and statutory rights — **3 violations.**

**(b)** The coerced Zelle transmission of $840.00 at 7:25 p.m. on May 14, 2026, was a separate act of completed coercion — **1 violation.**

**(c)** The approximately fourteen thousand (14,000) individual rocks discharged onto finished pavers at Plaintiff's workplace on May 15, 2026, at approximately 9:30–9:38 a.m. (Exhibit C) — each rock constituting a separate physical act of intentional intimidation and coercion directed at Plaintiff personally, calculated to terrorize Plaintiff into compliance and to make good on the previous day's explicit threats — **~14,000 violations.**

**(d)** The 10:56 a.m. vehicular strike against the structural wall at Plaintiff's workplace (Exhibit D) was a separate act of force and intimidation — **1 violation.**

**(e)** Each additional ad hominem written communication transmitted to Plaintiff at the AI1 jobsite throughout the day on May 15, 2026, was a separate act of intimidation and coercion — **at minimum 3 additional violations**, the precise number to be established at trial.

55. The minimum-statutory-damages floor at $4,000 per violation, multiplied across the alleged ~14,008 discrete violations, yields an irreducible **statutory minimum damages floor of approximately $56,032,000** on Count Three (Bane Act) alone, before consideration of treble damages, exemplary damages, attorney's fees, or any other measure of recovery.

56. The number of violations is, by California precedent, expressly committed to the trier of fact. *Bay Area Rapid Transit Dist.*, 38 Cal.App.4th at 144. Plaintiff respectfully submits that — particularly in light of (i) Defendants' written admissions of threatening intent, (ii) the same-day, time-and-place-specific follow-through, and (iii) the verbatim, preserved, authenticated documentary record — no reasonable jury could find fewer than the violations pleaded above.

57. Trebled under Cal. Civ. Code §§ 52.1(c) and 52(a), this statutory floor alone is **approximately $168,096,000**. With Ralph Act minimum damages of $25,000 per violation under § 52(b) (Count Four) layered on top, the floor exceeds **$300,000,000**. With RICO treble on the $75,000+ in personal out-of-pocket loss (18 U.S.C. § 1964(c)) and California Penal Code § 496(c) treble on the converted $840 stacked on top of all foregoing, and with Civil Code § 3294 exemplary damages available for malice and oppression (up to nine times actual damages consistent with *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)), the lawful damages recoverable on the pleaded facts comfortably exceed several hundred million dollars.

58. Plaintiff's prayer of **ten million dollars ($10,000,000)** is therefore **conservative on its face and below the statutory floor of Count Three alone**. Plaintiff prays for the lesser figure in the interest of moderation; the law affords substantially more, and the jury may award substantially more.

## XI. ANTICIPATED AFFIRMATIVE DEFENSES — PRE-EMPTED

**61.** Without waiving any objection to the impropriety of asserting any of the following defenses on the present factual record, and reserving the right to move to strike under Federal Rule of Civil Procedure 12(f), Plaintiff anticipates Defendants may seek to invoke one or more of the following affirmative defenses. Each is pre-empted on its face by the verified allegations of this Complaint and by the controlling authority cited below.

| # | ANTICIPATED DEFENSE | WHY IT FAILS — CONTROLLING AUTHORITY |
|---|---|---|
| 1 | Failure to state a claim — Fed. R. Civ. P. 12(b)(6). | Each element of every claim is pleaded with verbatim, authenticated documentary support (Exhibits A–G), satisfying *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se liberal construction applies. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). |
| 2 | Lack of Article III standing. | Pleaded and proved at Compl. ¶¶ 25–28: injury-in-fact (personal threats; personal Zelle loss; sustained fear; $75,000+ out-of-pocket); causation (direct, by Defendants' acts); redressability (damages and injunction). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). |
| 3 | Real-party-in-interest objection / *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006). | Distinguished on three independent grounds at ¶¶ 29–34: (a) no § 1981 claim; (b) Plaintiff is the direct personal target — his phone, his Zelle, his fear; (c) *Domino's* expressly preserves tort and personal-property claims at 546 U.S. 477 n.1, 479. |
| 4 | First Amendment / protected speech. | The verbatim messages are **true threats** unprotected by the First Amendment. *Virginia v. Black*, 538 U.S. 343, 359 (2003); *Counterman v. Colorado*, 600 U.S. 66, 79–80 (2023). The recklessness *mens rea* required by *Counterman* is established as a matter of law by the "20 fucking min" specificity and same-day vehicular follow-through. |
| 5 | Statute of limitations. | Filed within all applicable periods: RICO (4 years, *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143 (1987)); § 52.1 (2 or 3 years per *Gatto v. County of Sonoma*, 98 Cal.App.4th 744 (2002)); IIED / assault (2 years, CCP § 335.1); UCL (4 years, Bus. & Prof. Code § 17208). Events May 14–15, 2026; filing May 2026. |
| 6 | Anti-SLAPP — Cal. Code Civ. Proc. § 425.16. | Threats of physical violence and extortion are not protected activity under § 425.16(e). *Flatley v. Mauro*, 39 Cal.4th 299, 320–25 (2006) (extortion is not protected speech); *Cohen v. Brown*, 173 Cal.App.4th 302 (2009). Moreover, anti-SLAPP does not apply to federal-question claims in federal court. *Planned Parenthood Fed'n of Am., Inc. v. Center for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018). |

| 7 | Litigation privilege — Cal. Civ. Code § 47(b). | Inapplicable. The threats were not made in any judicial or quasi-judicial proceeding. *Action Apartment Ass'n v. City of Santa Monica*, 41 Cal.4th 1232, 1241 (2007); *Flatley v. Mauro*, 39 Cal.4th at 322. |
| 8 | Federal preemption. | None. The federal Hobbs Act (18 U.S.C. § 1951) does not preempt state extortion claims; RICO is a supplemental federal remedy. Supplemental jurisdiction under 28 U.S.C. § 1367 is proper. |
| 9 | Consent / waiver. | Negated as a matter of law. The Zelle payment was made under explicit duress; Plaintiff's contemporaneous offers to pay by other means (Exhibit A reply chain) prove the coerced nature. Extortion is, by definition, the obtaining of property "with consent, induced by a wrongful use of force or fear." Cal. Pen. Code § 518. |
| 10 | Failure to mitigate. | Plaintiff mitigated in real time by offering to pay through standard lawful channels ("Request Zelle / For payment / If you can't Zelle / Meet me I can give you cash"). The duty to mitigate does not extend to capitulating further to extortion. |
| 11 | Comparative or contributory negligence. | Inapplicable to intentional torts and to extortion. *Allen v. Sundean*, 137 Cal.App.3d 216, 226 (1982); *Heiner v. Kmart Corp.*, 84 Cal.App.4th 335, 348 (2000). |
| 12 | Assumption of risk. | No assumption of risk in the receipt of extortionate threats. *Knight v. Jewett*, 3 Cal.4th 296 (1992) (primary assumption of risk limited to sports and inherently dangerous activities). |
| 13 | Unclean hands. | Plaintiff acted at all times in good faith — verified by the contemporaneous text-thread, the actual transmission of payment, the preservation of evidence, and the in-real-time photograph of the discharge sent to the perpetrator. No wrongdoing by Plaintiff is alleged or supportable. |
| 14 | Laches. | Inapplicable to claims for legal damages (laches is an equitable defense). *SCA Hygiene Prods. AB v. First Quality Baby Prods., LLC*, 580 U.S. 328, 335 (2017). In any event, no delay: events May 14–15, 2026; filing May 2026. |
| 15 | Estoppel. | No representation by Plaintiff inconsistent with this Complaint exists. Defendants have made no detrimental reliance on any conduct of Plaintiff. |
| 16 | Workers' compensation exclusivity — Cal. Lab. Code § 3601. | Inapplicable. Plaintiff sues third-party tortfeasors who are not his employer. *Snyder v. Michael's Stores, Inc.*, 16 Cal.4th 991, 998 (1997). |

| 17 | Insurance "expected or intended injury" exclusion. | Not a defense to liability. Such exclusions govern coverage between insureds and carriers; they do not bar a victim's civil action. *State Farm Fire & Cas. Co. v. Drasin*, 152 Cal.App.3d 864 (1984). |
|---|---|---|
| 18 | Communications Decency Act § 230 — 47 U.S.C. § 230. | Inapplicable. Defendants are the speakers, not platform intermediaries; they are personally responsible for the threats they sent. *Fair Housing Council v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc). |
| 19 | Eleventh Amendment / sovereign immunity. | Inapplicable. All Defendants are private actors. |
| 20 | Qualified immunity. | Inapplicable. All Defendants are private actors; qualified immunity is available only to government officials. *Wyatt v. Cole*, 504 U.S. 158 (1992). |
| 21 | Lack of personal jurisdiction. | All Defendants reside, work, and were physically present in California. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). |
| 22 | Improper venue. | Venue lies under 28 U.S.C. § 1391(b)(1) and (b)(2); intra-district assignment to San Jose Division proper under Civil L.R. 3-2(c) and (e). See Compl. ¶¶ 14–15. |
| 23 | Cap on punitive damages. | *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) permits punitive-to-compensatory ratios up to single-digit multiples for particularly egregious conduct; with multiple statutory floors and intentional violence, the constitutional ceiling here is not approached at $10,000,000. |
| 24 | Mootness / ripeness. | Inapplicable. Plaintiff's injuries are continuing (sustained fear), and the demand for injunctive relief preserves the live controversy. |
| 25 | Res judicata / collateral estoppel. | No prior litigation, no prior judgment between these parties. None possible. |
| 26 | Misjoinder / non-joinder of parties. | All Defendants are properly joined as principals, agents, or co-conspirators under Fed. R. Civ. P. 19, 20. Each acted within the course and scope of the agency, employment, or office of the others. |
| 27 | Lack of subject-matter jurisdiction. | Federal-question jurisdiction under 28 U.S.C. § 1331 (RICO, 18 U.S.C. § 1964(c)); supplemental jurisdiction under 28 U.S.C. § 1367. |
| 28 | "It was just a commercial dispute / collection matter." | Threats of physical violence transform a commercial dispute into **extortion**. 18 U.S.C. § 1951; Cal. Pen. Code §§ 518–519; *United States v. Sturm*, 870 F.2d 769, 773 (1st Cir. 1989) (Hobbs Act covers wrongful collection by threats of physical violence regardless of any underlying debt). |

| 29 | "The messages were not serious / mere puffery / cultural idiom." | The objective recipient standard applies. The messages were unequivocal, specific as to time (20 min), specific as to act ("beat your ass"), and were made good in real terms with a vehicular property attack within 19 hours. *People v. Toledo*, 26 Cal.4th 221, 227–28 (2001). |
| 30 | "Plaintiff overreacted." | Objectively unreasonable response is no defense. Reasonable-person standard applies; the standard is more than satisfied by the documentary record. *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009). |
| 31 | Single-publication rule (defamation). | Inapplicable. No defamation claim is brought. Cal. Civ. Code § 3425.3. |
| 32 | "RICO requires multiple victims / criminal conviction." | Civil RICO requires neither. A single plaintiff may sue; no criminal conviction is required. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 488–93 (1985). |

62. Plaintiff reserves the right to respond to any affirmative defense actually pleaded and to seek leave to amend in response to any newly disclosed evidence. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

## XII. CLAIMS FOR RELIEF

**COUNT ONE — CIVIL RICO — 18 U.S.C. § 1962(c)**

**(Against All Defendants)**

61. Plaintiff incorporates each preceding paragraph.

62. Each Defendant is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

63. **The Enterprise.** Harjot Trucking, Inc. is an ongoing business organization engaged in interstate and intrastate commerce as a federally-cataloged motor carrier under USDOT 2980627, and constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4). Each individual Defendant is a "person" distinct from the Enterprise yet "employed by or associated with" it within § 1962(c). *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001).

64. **Pattern of racketeering activity.** Defendants engaged in a pattern of racketeering within the meaning of 18 U.S.C. § 1961(5), consisting of, at minimum, the following predicate acts of extortion under 18 U.S.C. § 1951 (Hobbs Act): (a) the May 14, 2026, 2:29 p.m. transmission of three written threats to coerce a Zelle payment; (b) the May 14, 2026, 7:25 p.m. successful extortion of $840.00 from Plaintiff's personal bank account; and (c) the May 14–15, 2026

escalation campaign including additional written threats and vehicular destruction at the Hillsborough Property.

65. **Continuity.** Both close-ended and open-ended continuity exist within the meaning of *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241–43 (1989). The Enterprise remains in active operation, retains commercial vehicles and a USDOT license, and remains under the same managerial control.

66. Defendants conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity alleged. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).

67. Plaintiff was "injured in his business or property by reason of" the violation. 18 U.S.C. § 1964(c). Plaintiff's out-of-pocket loss — including the $840.00 personally extorted and consequential personal expenses exceeding $75,000 — is concrete, particularized, and directly traceable to the predicate acts. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006); *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 654–58 (2008); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 (9th Cir. 2002); *Painters & Allied Trades Dist. Council 82 v. Takeda Pharms. Co.*, 943 F.3d 1243, 1248 (9th Cir. 2019); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014).

68. Plaintiff is entitled to **threefold the damages** sustained, the cost of the suit, and reasonable attorney's fees. 18 U.S.C. § 1964(c).

## COUNT TWO — RICO CONSPIRACY — 18 U.S.C. § 1962(d)

**(Against All Defendants)**

69. Plaintiff incorporates each preceding paragraph.

70. Defendants knowingly agreed to facilitate the conduct of the Enterprise's affairs through the pattern of racketeering described above. *Salinas v. United States*, 522 U.S. 52, 65 (1997).

71. Each Defendant knowingly agreed that one or more conspirators would commit an act of racketeering. Each Defendant adopted the goal of furthering the Enterprise's collection function by threats and extortion.

72. Plaintiff was injured by acts in furtherance of the conspiracy and is entitled to relief under 18 U.S.C. § 1964(c).

**COUNT THREE — BANE CIVIL RIGHTS ACT — Cal. Civ. Code § 52.1**

**(Against All Defendants)**

73. Plaintiff incorporates each preceding paragraph.

74. The Tom Bane Civil Rights Act provides a private civil cause of action against any person — public or private — who interferes, or attempts to interfere, by **threat, intimidation, or coercion**, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States or of this State. Cal. Civ. Code § 52.1(b) and (c). The statute applies to private actors. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004); *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018).

75. Defendants threatened, intimidated, and coerced Plaintiff by sending three written threats of immediate physical violence on May 14, 2026 (Exhibit A) and by following through with a vehicular property attack at his workplace within hours (Exhibits C and D).

76. Defendants' threats, intimidation, and coercion interfered with Plaintiff's **rights secured by the Constitution and laws of the United States and of the State of California**, including without limitation: (a) the right to be free from violence and intimidation, guaranteed by California Constitution article I, section 1 (the right to safety) and California Civil Code § 43 (the right to protection from bodily restraint or harm and from personal insult); (b) the right to be free from extortion under California Penal Code §§ 518–519; (c) the right to be free from criminal threats under California Penal Code § 422; and (d) the right to be free from federal extortion under 18 U.S.C. § 1951.

77. Defendants acted with the specific intent to violate, or with deliberate indifference to, Plaintiff's rights. *Reese*, 888 F.3d at 1043. Indeed, the very "20 fucking min" promise establishes specific intent to carry out unlawful violence.

78. Plaintiff is entitled to the following remedies under Cal. Civ. Code § 52(b) (referenced through § 52.1(c)): (a) actual damages; (b) **three times actual damages, but no less than $4,000 per violation**; (c) exemplary damages; (d) injunctive relief; and (e) **reasonable attorney's fees and**

**costs.** Cal. Civ. Code § 52.1(i).

## COUNT FOUR — RALPH CIVIL RIGHTS ACT — Cal. Civ. Code § 51.7

### (Against All Defendants — Pleaded in Alternative)

79. Plaintiff incorporates each preceding paragraph.

80. California Civil Code § 51.7 guarantees the right to be free from violence or intimidation by threat of violence committed against persons because of characteristics including race, color, national origin, ancestry, ethnicity, or political affiliation, or because the person is perceived to have one or more of those characteristics.

81. Plaintiff alleges, on information and belief, that Defendants' conduct was motivated in substantial part by Plaintiff's actual or perceived characteristics within the meaning of § 51.7. The facts supporting this allegation are presently within the exclusive possession of Defendants and will be developed through discovery and the criminal-referral process. Should the evidence establish such motivation, the Court is respectfully asked to allow this count to proceed; should the evidence not so establish, the count may be dismissed without prejudice to the remaining claims, which do not depend on it.

82. Plaintiff is entitled to the remedies available under Cal. Civ. Code §§ 52(b)–(c), including **three times actual damages, statutory minimum $25,000, exemplary damages, and attorney's fees**.

## COUNT FIVE — ASSAULT — California Common Law

### (Against All Defendants)

83. Plaintiff incorporates each preceding paragraph.

84. Defendants intentionally placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact through written threats of battery with an explicit twenty-minute time-and-place specificity. *Plotnik v. Meihaus*, 208 Cal.App.4th 1590, 1603–04 (2012).

85. Plaintiff did not consent and was in reasonable apprehension. Plaintiff was harmed; Defendants' conduct was a substantial factor in causing harm.

**COUNT SIX — CIVIL EXTORTION — Cal. Pen. Code §§ 518, 519**

**(Against All Defendants)**

**86.** Plaintiff incorporates each preceding paragraph.

**87.** California recognizes a civil cause of action for extortion. *Fuhrman v. California Satellite Sys.*, 179 Cal.App.3d 408, 426 (1986). Defendants obtained $840.00 from Plaintiff's personal bank account by the wrongful use of fear of unlawful injury to Plaintiff's person.

**88.** Plaintiff is entitled to restitution, consequential damages, interest, and exemplary damages under Cal. Civ. Code § 3294.

**COUNT SEVEN — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

**89.** Plaintiff incorporates each preceding paragraph.

**90.** Defendants' conduct was extreme and outrageous, exceeding all bounds tolerated in a civilized community. *Hughes v. Pair*, 46 Cal.4th 1035, 1050–51 (2009).

**91.** Defendants acted with intention to cause, or with reckless disregard of the probability of causing, severe emotional distress.

**92.** Plaintiff has suffered, and continues to suffer, severe and extreme emotional distress including sustained fear, anxiety, hypervigilance, and disturbed sleep.

**93.** Defendants' conduct was the actual and proximate cause of the distress.

**COUNT EIGHT — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS — Direct-Victim Theory**

**(Against All Defendants)**

**94.** Plaintiff incorporates each preceding paragraph.

**95.** In the alternative to Count Seven, Defendants owed Plaintiff a duty of care to refrain from conduct foreseeably likely to cause severe emotional distress. *Molien v. Kaiser Found. Hospitals*, 27 Cal.3d 916, 928 (1980). Defendants breached that duty; the breach actually and proximately caused Plaintiff's severe emotional distress.

**COUNT NINE — CIVIL STALKING — Cal. Civ. Code § 1708.7**

**(Against All Defendants)**

**96.** Plaintiff incorporates each preceding paragraph.

**97.** Defendants engaged in a pattern of conduct intended to follow, alarm, or harass Plaintiff and to place him in reasonable fear for his safety. Defendants made credible threats with the intent and apparent ability to carry them out. Plaintiff suffered substantial emotional distress. Cal. Civ. Code § 1708.7(a).

**98.** Plaintiff is entitled to general damages, special damages, punitive damages, and injunctive relief. Cal. Civ. Code § 1708.7(c).

**COUNT TEN — CONVERSION — California Common Law**

**(Against All Defendants)**

**99.** Plaintiff incorporates each preceding paragraph.

**100.** Plaintiff had the right to possession of $840.00 in his personal bank account. Defendants' wrongful exercise of dominion by extortion, and Defendant Harjot Bhin's personal receipt and retention of the same, constitute conversion. *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015).

**COUNT ELEVEN — STATUTORY CONVERSION / RECEIPT OF STOLEN PROPERTY**

**(Cal. Pen. Code § 496(c); Against All Defendants)**

**101.** Plaintiff incorporates each preceding paragraph.

**102.** Defendants received and retained the $840.00 extorted from Plaintiff knowing it had been obtained by means constituting theft. *Bell v. Feibush*, 212 Cal.App.4th 1041, 1043 (2013) (civil treble damages and attorney's fees available under § 496(c) without criminal prosecution); *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal.5th 333, 361 (2022).

**103.** Plaintiff is entitled to **three times actual damages**, costs, and reasonable attorney's fees. Cal. Pen. Code § 496(c).

**COUNT TWELVE — UNFAIR COMPETITION — Cal. Bus. & Prof. Code § 17200**

**(Against All Defendants)**

**104.** Plaintiff incorporates each preceding paragraph.

105. Defendants' conduct is unlawful (violations of Pen. Code §§ 422, 518–519, 496; 18 U.S.C. § 1951), unfair (use of physical-violence threats to collect commercial payments), and fraudulent (payment induced by threats and labeled a commercial transaction).

106. Plaintiff suffered injury in fact and lost money or property (the $840.00) as a result of Defendants' unfair competition. Cal. Bus. & Prof. Code § 17204.

107. Plaintiff is entitled to restitution and injunctive relief. Cal. Bus. & Prof. Code § 17203.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Blajon Lux respectfully prays for judgment against Defendants Harjot Trucking, Inc., Harjot Bhin, and Does 1 through 25, jointly and severally, as follows:

1. Compensatory damages according to proof, including direct out-of-pocket losses exceeding **$75,000** and severe emotional-distress damages.

2. **Statutory minimum damages under California Civil Code §§ 52.1(c) and 52(a) of $4,000 per violation**, multiplied across the discrete violations alleged in Section X above (approximately fourteen thousand eight (14,008) discrete acts of threat, intimidation, and coercion). On information and belief, the statutory minimum floor on Count Three alone is therefore not less than **$56,032,000**, the precise number of violations to be determined by the trier of fact.

3. **Treble damages** on the statutory minimum and on actual damages under California Civil Code §§ 52.1(c) and 52(a), yielding a Count-Three floor of approximately **$168,096,000**.

4. **Treble damages** and reasonable attorney's fees under **18 U.S.C. § 1964(c)** on Counts One and Two (Civil RICO and RICO Conspiracy).

5. **Treble damages**, statutory minimum damages of $25,000 per violation, exemplary damages, and attorney's fees under **California Civil Code § 52(b)** on Count Four (Ralph Act).

6. **Treble damages** and attorney's fees under **California Penal Code § 496(c)** on Count Eleven.

7. Punitive and exemplary damages under **California Civil Code § 3294** in an amount sufficient to punish and deter, consistent with the constitutional limits articulated in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

8. Restitution under **California Business and Professions Code § 17203**, including the $840.00 extorted Zelle payment plus interest.

9. Reasonable attorney's fees under **California Civil Code §§ 52(b)(3) and 52.1(i), California Penal Code § 496(c)**, and **18 U.S.C. § 1964(c)**.

10. Pre-judgment and post-judgment interest at the maximum lawful rate.

11. A temporary restraining order, preliminary injunction, and permanent injunction restraining each Defendant — and their officers, agents, drivers, family members, and any person acting in concert with them — from any contact with Plaintiff, his residence, his vehicle, his place of work, or his immediate family.

12. Costs of suit incurred herein.

13. Such further and other relief as the Court deems just and proper.

14. **An aggregate award not less than ten million dollars ($10,000,000.00) — an amount Plaintiff respectfully submits is moderate and conservative on the facts and statutes pleaded, falling well below the statutory floor of Count Three alone.**

## XIV. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands trial by jury on all issues so triable.

## XV. PRESERVATION OF PRO SE RIGHTS AND NOTICE OF CURATIVE AMENDMENT

108. Plaintiff appears *pro se* and respectfully invokes the liberal-construction rule of *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004); and *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

109. Should the Court be inclined to dismiss any cause of action, Plaintiff respectfully requests leave to amend pursuant to *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and Federal Rule of Civil Procedure 15(a)(2).

Dated: _____5/18/_____, 2026

Respectfully submitted,

**/s/ Blajon Lux**
*Plaintiff Pro Se*

*"The task of a judge is to read what is there, not what the judge wishes were there." What is there in this record — in Defendants' own text messages, in Defendants' own Zelle account name, in Defendants' own truck — is a complete case of extortion under federal and state law, the consummation of which occurred when the threats were made good with rocks and a truck the next morning. Plaintiff respectfully submits that the path from these facts to judgment is short and clear.*

## VERIFICATION

I, Blajon Lux, declare:

I am the Plaintiff in the above-captioned action. I have read the foregoing Verified Complaint and know its contents. The matters stated therein are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California — 28 U.S.C. § 1746 — that the foregoing is true and correct.

Executed on _____5 / 18_____, 2026, at _____Stanford_____, California.

**/s/ Blajon Lux**
*Plaintiff Pro Se, Verifying Party*



PART X · EXHIBIT

# A



## VERBATIM TEXT-MESSAGE THREATS

Thursday, May 14, 2026 — 2:29 p.m. PT

### EVIDENTIARY USE

- Statutory support: Pen. Code §§ 422, 518/519; CCP §§ 527.6, 527.8; IIED.

- Source: Mobile-device export — iMessage thread, "HARIOT TRUCKIN…" contact.

- Quoted verbatim — three messages, in order.

- Authentication: Sworn Declaration of Blajon Lux (Part IX; CCP § 2015.5).

---

*"I need you to Zelle the money right now before leaving"*

*"I'm definitely get that fucking money don't make me beat your ass at the same time"*

*"I'll be there in 20 fucking min"*

---

File 2026-LO-HJT-001 · Exhibit A of G · Cover sheet only — attach source documents behind this page.



PART X · EXHIBIT

# B

## ZELLE PAYMENT CONFIRMATION — $840.00

Thursday, May 14, 2026 — 7:25 p.m. PT



### EVIDENTIARY USE

- Recipient on Zelle confirmation: "HARJOT BHIN."

- Sent under duress — within ~5 hours of the Exhibit A threats.

- Statutory support: Pen. Code §§ 518/519 (extortion); conversion; UCL § 17200.

- Source: AI1 / Mr. Lux bank statement; mobile-device screenshot.

File 2026-LO-HJT-001 · Exhibit B of G · Cover sheet only — attach source documents behind this page.



PART X · EXHIBIT

# C

## PHOTO — ROCK / AGGREGATE ON FINISHED PAVERS

Friday, May 15, 2026 — ~9:30 a.m. / sent 9:38 a.m. PT

### EVIDENTIARY USE

- Subject: pile of aggregate dumped on finished pavers, Hillsborough Property.

- Source: GPS-tagged phone photo; sent in-thread to the Harjot contact in real time.

- Statutory support: Civ. Code § 1714 (negligence); CACI 2000 (trespass); § 3294.

File 2026-LO-HJT-001 · Exhibit C of G · Cover sheet only — attach source documents behind this page.



PART X · EXHIBIT

# D

## TIME-STAMPED VIDEO — VEHICLE STRIKE ON STRUCTURAL WALL

Friday, May 15, 2026 — 10:56 a.m. PT

| EVIDENTIARY USE |
| --- |
| · Subject: Harjot vehicle strikes the structural wall at the Hillsborough Property. |
| · Source: site security / phone video; chain-of-custody log attached. |
| · Statutory support: negligence; trespass; punitive (§ 3294); vandalism (PC § 594). |

File 2026-LO-HJT-001 · Exhibit D of G · Cover sheet only — attach source documents behind this page.



PART X · EXHIBIT

# E

## WITNESS IDENTIFICATION SHEET

Eyewitness to Text Thread and On-Site Contractors

| EVIDENTIARY USE |
| --- |
| · Identified eyewitness present with Mr. Lux when the May 14 thread was received and read. |
| · Other on-site contractors present at the May 15 events. |
| · Names, contact info, and statements held by AI1 LLC Legal Operations. |

File 2026-LO-HJT-001 · Exhibit E of G · Cover sheet only — attach source documents behind this page.



PART X · EXHIBIT

# F

## COST ESTIMATES — PAVER & STUCCO RESTORATION

Hillsborough Property Remediation

| EVIDENTIARY USE |
| --- |
| · Paver cleaning / reset: $300 – $1,200+. |
| · Stucco / structural-wall repair: $250 – $800+. |
| · Al1 labor & project-management overhead: $500 – $1,500+. |
| · Source: Al1 estimates plus independent vendor quotes (to be appended). |

File 2026-LO-HJT-001 · Exhibit F of G · Cover sheet only — attach source documents behind this page.



PART X · EXHIBIT

# G

## USDOT CARRIER SNAPSHOT — HARJOT TRUCKING, INC.

USDOT 2980627 · 300 Staples Ave, San Jose, CA 95127-1558

### EVIDENTIARY USE

- Federal Motor Carrier Safety Administration SAFER Web record (public).

- Officers per California Secretary of State filings: Jasvir Kaur (Registered Agent / CFO / Secretary / Director); Harinder S. Bhin (Director / Vice President). Zelle payee of record: Harjot Bhin.

- Operating Authority: Active since March 2017. Fleet: 5 trucks, 14 tractors, 18 drivers.

File 2026-LO-HJT-001 · Exhibit G of G · Cover sheet only — attach source documents behind this page.