UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLAJON LUX,<br><br>Plaintiff,<br><br>v.<br><br>HARJOT TRUCKING, INC., et al.,<br><br>Defendants. | Case No. 26-cv-04683-VKD<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; STAYING SERVICE OF PROCESS; AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 1, 2 |

On May 18, 2026, plaintiff Blajon Lux, who is representing himself, filed a complaint alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Dkt. No. 1. Mr. Lux also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

For the reasons explained below, the Court grants Mr. Lux's IFP application. However, having screened his complaint pursuant to 28 U.S.C. § 1915(e), the Court finds that the complaint fails to state a claim under federal law and is therefore subject to dismissal for lack of subject matter jurisdiction. The Court stays service of process and gives Mr. Lux until **July 10, 2026** to file an amended complaint that addresses the deficiencies identified in this order. If Mr. Lux fails to file an amended complaint in time, or if the amended complaint fails to cure the defects described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for lack of subject matter jurisdiction.

## I.    IFP APPLICATION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such

fees or provide such security. *See* 28 U.S.C. § 1915(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The screening requirement of § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (same).

Although Mr. Lux's IFP application indicates that during the past 12 months he received considerable income from employment, he also identifies sizable monthly expenses and debts. *See* Dkt. No. 2. Based on the information presented in the application, the Court grants Mr. Lux's IFP application.

## II. REVIEW OF COMPLAINT

### A. Legal Standard

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id*. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

### B. Factual Background

According to the complaint, Mr. Lux is a "team member" of All In One (AI1) LLC, which provides "premium home and corporate services in the San Francisco Bay Area." Dkt. No. 1 ¶ 38. The complaint does not further identify the services AI1 provides or Mr. Lux's role in the company. Defendants are Harjot Trucking, Inc. ("Harjot Trucking") and Harjot Bhin, whom Mr.

United States District Court
Northern District of California

2

Lux identifies as Harjot Trucking's "principal," along with 25 Doe defendants. *Id.* ¶¶ 19-21.

Mr. Lux alleges "[o]n information and belief" that AI1 hired Harjot Trucking to perform "a discrete hauling task" at a site in Hillsborough, California ("Hillsborough Property"). *Id.* ¶ 39. He alleges that he "personally performed AI1's vendor due-diligence on Harjot Trucking and personally arranged for Harjot Trucking to be insured as a contractor on the project." *Id.* ¶ 40. Thereafter, Mr. Lux alleges that on May 14, 2026, at 2:29 p.m., Mr. Bhin sent the following text messages to Mr. Lux:[1]

(1) "I need you to Zelle the money right now before leaving."

(2) "I'm definitely get that f---ing money don't make me beat you're a-- at the same time"

(3) "I'll be there in 20 f---ing min"

*Id.* ¶¶ 2, 41. The complaint does not indicate what circumstances, if any, preceded these three text messages. Mr. Lux alleges that he responded to the messages, stating that he could send Mr. Bhin payment by Zelle or pay him in person. *Id.* ¶ 42. He then transmitted $840 to Mr. Bhin on the same day at 7:25 p.m.—a payment Mr. Lux says was "not voluntary" but instead "made under coercion induced by the wrongful use of fear of unlawful injury to [Mr. Lux's] person." *Id.* ¶¶ 43, 44. The complaint further alleges that on May 15, 2026 at approximately 9:30 a.m., "a Harjot Trucking vehicle deliberately discharged onto the finished pavers at the Hillsborough Property a load consisting of approximately fourteen thousand (14,000) individual rocks and aggregate pieces." *Id.* ¶ 45. Then, at 10:56 a.m., a Harjot Trucking vehicle allegedly "struck and damaged a structural wall at the Hillsborough Property." *Id.* ¶ 56. Mr. Lux claims that throughout the day on May 15, 2026, he was subject to "ad hominem written communications." *Id.* ¶ 47. Mr. Lux states that he remains in fear of "further physical violence at the hands of [d]efendants." *Id.* ¶ 48. Mr. Lux alleges he suffered "out-of-pocket loss" in the amount of $75,000 and seeks damages in the amount of $10 million. *Id.* at 23-24; *see also id.* ¶¶ 4, 6, 16, 24, 49, 57, 58, 67.

### C.    Mr. Lux's Federal Claims

The complaint asserts federal question jurisdiction under 28 U.S.C. § 1331. *Id.* ¶ 12. In

---

[1] The exhibits to the complaint refer to media files which were not, in fact, filed with the Court.

United States District Court
Northern District of California

addition to several state law and common law claims,[2] Mr. Lux asserts two federal claims for violations of the RICO statute, citing 18 U.S.C. §§ 1962(c) and 1962(d). *Id.* ¶¶ 5, 61-107. RICO imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity," 18 U.S.C. § 1962(c), and "provides a private right of action for '[a]ny person injured in his business or property' by a RICO violation," *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1146-47 (9th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). As relevant here, section 1962(c) provides that it is "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The elements of a civil RICO claim under section 1962(c) are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quotations and citation omitted). Section 1962(d) imposes civil liability for conspiring to violate the provisions of subsection (c). *Id.* § 1962(d).

The complaint fails to allege facts plausibly supporting a violation of section 1962(c). First, the complaint does not adequately allege the existence of an "enterprise." The RICO statute defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). However, for purposes of a RICO claim, the asserted enterprise must be distinct from the RICO defendants. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (reaffirming distinctness requirement and observing that "liability 'depends on showing that the defendants conducted or participated in the conduct of the "*enterprise's* affairs," not just their *own* affairs.'") (quoting *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993)); *see Living Designs,* 431 F.3d at 361-62 (discussing standard and concluding plaintiffs alleged a RICO

---

[2] The complaint lists claims for violation of the Bane Act, Cal. Civ. Code § 52.1; violation of the Ralph Civil Rights Act, Cal. Civ. Code § 51.7; assault; civil extortion; intentional infliction of emotional distress; negligent infliction of emotional distress; civil stalking; conversion; statutory conversion/receipt of stolen property; and violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200. *See* Dkt. No. 1 at 19-23.

4

enterprise distinct from named defendant); *McColm v. Anber*, No. 06-cv-7369 PJH, 2006 WL 3645308, at *6 (N.D. Cal. Dec. 12, 2006) ("A single individual or entity cannot be both the RICO enterprise and an individual RICO defendant."). Mr. Lux asserts, without elaboration, that "[e]ach Defendant is a 'person' within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c)" and that Harjot Trucking "constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4)." Dkt. No. 1 ¶¶ 62, 63. These allegations fail to clearly identify the participants in the alleged enterprise or the person who improperly conducts its affairs, and also fail to demonstrate that the alleged enterprise is distinct.

Second, the complaint does not allege the existence of a "pattern of racketeering activity." A pattern of racketeering activity requires commission of at least two "predicate acts"—i.e., two or more statutorily defined crimes. 18 U.S.C. §§ 1961(5), 1962(c); *Cedric Kushner*, 533 U.S. at 160; *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) (citations omitted). Mr. Lux alleges that defendants "engaged in a pattern of racketeering," consisting of "predicate acts of extortion." Dkt. No. 1 ¶ 64. While the list of qualifying predicate acts includes the crime of extortion, *see* 18 U.S.C. §§ 1961(1), Mr. Lux appears to identify only one such act, involving Mr. Bhin's demand that Mr. Lux pay him $840.00.[3] Mr. Lux identifies no other qualifying crimes or predicate acts sufficient to allege a pattern of racketeering activity.

Third, the complaint does not plausibly allege that the purported pattern of racketeering caused injury to Mr. Lux's business or property. Mr. Lux claims that he suffered a "personal out-of-pocket loss" of $75,000 due to defendants' conduct. *See* Dkt. No. 1 ¶¶ 4, 16, 24, 49, 57, 67. These allegations are entirely conclusory. The only concrete factual allegation regarding monetary loss suffered by Mr. Lux is that Mr. Lux made an involuntary payment of $840 to Mr. Bhin. Mr. Lux alleges no facts supporting a purported "out-of-pocket loss" of $75,000 due to defendants' conduct, let alone the $10 million he claims as damages.

In sum, the Court finds that Mr. Lux has failed to allege facts sufficient to state a claim

---

[3] Mr. Lux also has not pled the elements of extortion under state law or under the Hobbs Act, 18 U.S.C. § 1951. *See Young v. Schultz*, No. 22-cv-05203-TSH, 2023 WL 1784758, at *4 (N.D. Cal. Feb. 6, 2023) (discussing the elements of extortion under state law and under the Hobbs Act).

under section 1962(c).  Because Mr. Lux fails to state a substantive RICO claim, his section 1962(d) claim for conspiracy to commit a RICO violation also fails.  *See, e.g.*, *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("[T]he failure to allege substantive violations [of RICO] precludes [plaintiffs'] claim that there was a conspiracy to violate RICO.").

Accordingly, the complaint fails to state a plausible federal claim for relief.  Because the complaint does not state a claim for relief under federal law, it is subject to dismissal for lack of subject matter jurisdiction.  The Court does not review Mr. Lux's claims asserted under state law or common law at this time.

## III.    CONCLUSION

For the reasons discussed above, Mr. Lux's complaint does not plausibly allege a claim under federal law.  His complaint is, therefore, subject to dismissal for lack of subject matter jurisdiction.  In view of Mr. Lux's pro se status, the Court will give him an opportunity to file an amended complaint if he believes he can cure this defect.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The amended complaint must be filed **no later than July 10, 2026** and must include the caption and civil case number used in this order, Case No. 26-cv-04683-VKD, and the words "FIRST AMENDED COMPLAINT" on the first page.  Mr. Lux is advised that the first amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

The first amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure.  In particular, the first amended complaint must include factual allegations showing that Mr. Lux is entitled to relief with respect to each claim he asserts, and it must not include legal argument.  *See* Fed. R. Civ. P. 8; *see also Twombly*, 550 U.S. at 570.

If Mr. Lux fails to file an amended complaint in time, or if the amended complaint fails to cure the defects described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for lack of subject matter jurisdiction.

Additionally, Mr. Lux is informed that the Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to self-represented litigants in federal

cases.  Information regarding the Pro Se Program can be found at https://cand.uscourts.gov/representing-yourself/federal-pro-se-program-san-jose-courthouse. Appointments may be scheduled by calling 408-297-1480.  Mr. Lux is also encouraged to obtain a copy of the Handbook for Pro Se Litigants, available at https://cand.uscourts.gov/pro-se-handbook/.

**IT IS SO ORDERED.**

Dated: June 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge