United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BLAJON LUX,<br>Plaintiff,<br>v.<br>HARJOT TRUCKING, INC., et al.,<br>Defendants. | Case No. 26-cv-04683-BLF<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT; DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF Nos. 6, 10] |

Before the Court is *pro se* Plaintiff Blajon Lux's *ex parte* motion for a temporary restraining order. ECF No. 10. For the reasons set forth below, the First Amended Complaint, ECF No. 6, is DISMISSED WITHOUT LEAVE TO AMEND and Plaintiff's *ex parte* motion for a temporary restraining order is DENIED.

## I. BACKGROUND

According to the allegations in the operative complaint, Mr. Lux is a "team member" and "operations coordinator" of All In One (AI1) LLC. ECF No. 6 ("FAC") ¶ 15. He is responsible for vendor vetting, contractor insurance coordination, and on-site project management at AI1 client worksites. *Id.* It is not clear from the complaint what services AI1 provides. Defendants Harjot Trucking, Inc. ("Harjot Trucking") and Harjot Bhin, whom Mr. Lux identifies as Harjot Trucking's director and vice president, along with 25 Doe defendants. *Id.* ¶¶ 16–18. Mr. Lux alleges that AI1 retained Harjot Trucking to perform "a discrete hauling task" at a "high-value residential renovation project in Hillsborough." *Id.* ¶ 30. Mr. Lux asserts that he "personally vetted Harjot Trucking" and arranged for Harjot Trucking to be engaged as a contractor on the project. *Id.*

United States District Court
Northern District of California

Mr. Lux alleges that on May 14, 2026, at 2:29 p.m., Mr. Bhin sent the following text messages to Mr. Lux: (1) "I need you to Zelle the money right now before leaving;" (2) "I'm definitely get that f---ing money don't make me beat your a-- at the same time"; and (3) "I'll be there in 20 f---ing min." *Id.* ¶¶ 25, 31, 43. The FAC does not indicate what circumstances, if any, preceded these three text messages. Mr. Lux then transmitted $840 to Mr. Bhin on the same day at 7:25 p.m. via Zelle—a payment Mr. Lux says was "not voluntary" and was "extortion." *Id.* ¶¶ 25, 31.

The FAC asserts that the following day, on May 15, 2026, at approximately 9:30 a.m., and at the direction of Mr. Bhin, "a Harjot Trucking vehicle discharged approximately 14,000 rocks onto the finished pavers at the Hillsborough Property." *Id.* ¶¶ 25, 32. Then, at 10:56 a.m., a Harjot Trucking vehicle allegedly "struck and damaged a structural wall" at the Hillsborough Property." *Id.* ¶¶ 25, 32. Mr. Lux alleges that "written communications continued" throughout the day. *Id.* ¶¶ 25, 32.

The FAC also makes repeated reference to proceedings in San Mateo Superior Court, which arose "from the same events alleged in this civil action." *Id.* ¶ 7; *see also Lux v. Bhim*, No. 26-civ-03961 (Cal. Sup. Ct. May 18, 2026). According to Mr. Lux, at a hearing on a restraining order that he sought, the state court "made judicial findings that Defendant had threatened to harm Plaintiff." *Id.* ¶ 7. The FAC alleges that as of July 9, 2026, there is an ongoing threat, as Mr. Bhin has not retracted his threats. *Id.* ¶ 33.

The FAC asserts 12 causes of action: (1) violation of the civil RICO statute (18 U.S.C. § 1962(c)); (2) RICO conspiracy (18 U.S.C. § 1962(d)); (3) violation of the Bane Civil Rights Act (Cal. Civ. Code § 52.1); (4) violation of the Ralph Civil Rights Act (Cal. Civ. Code. § 51.7); (5) common law assault; (6) civil extortion (Cal. Pen. Code §§ 518–19); (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) civil stalking (Cal. Civ. Code § 1708.7); (10) common law conversion; (11) statutory conversion/receipt of stolen property (Cal. Pen. Code § 496(c)); and (12) unfair competition (Cal. Bus. & Prof. Code § 17200). *Id.* ¶¶ 34–50. Mr. Lux seeks, *inter alia*, damages, restitution, injunctive relief, attorneys' fees and costs, interest, and an aggregate award not less than $10,000. *Id.* at Prayer for Relief.

United States District Court
Northern District of California

This action was initially filed on May 18, 2026. The Court granted Mr. Lux's application to proceed *in forma pauperis* ("IFP") and screened and dismissed the complaint with leave to amend on June 10, 2026. ECF No. 5. Mr. Lux submitted the FAC on July 10, 2026. Because the FAC includes a section titled "*ex parte* application for temporary restraining order," the Court advised Mr. Lux that, under the civil local rules, a motion for temporary restraining order may not be presented as a section of or attachment to a complaint. ECF No. 7 (citing Civil L.R. 65-1(a)). Thereafter, Mr. Lux submitted an *ex parte* motion for a temporary restraining order which included a declination of magistrate judge jurisdiction, and the case was reassigned to the undersigned. *See* ECF Nos. 11, 12. The Court begins by screening the FAC, and then turns to consideration of Mr. Lux's *ex parte* motion for a temporary restraining order.

## II. SCREENING

### A. Legal Standard

When a district court grants IFP status, it must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Court will screen Mr. Lux's complaint and order service only if the Court determines that the complaint survives initial screening.

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B. Discussion**

**1. Federal Claims**

Mr. Lux's only federal causes of action are two violations of the RICO statute, namely violations of 18 U.S.C. §§ 1962(c) and 1962(d). RICO imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity," 18 U.S.C. § 1962(c), and "provides a private right of action for '[a]ny person injured in his business or property' by a RICO violation," *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1146–47 (9th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). Section 1962(c) provides that it is "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). In turn, Section 1962(d) imposes civil liability for conspiring to violate the provisions of subsection (c). 18 U.S.C. § 1962(d). The elements of a civil RICO claim under section 1962(c) are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quotations and citation omitted).

In the order screening the initial complaint, Judge DeMarchi found that Mr. Lux failed to allege the existence of an enterprise, did not adequately assert the existence of a pattern of racketeering activity, and did not plausibly state that the purported pattern of racketeering caused injury to Mr. Lux's business or property. ECF No. 5 ("Prior Order") at 4–5. And because the substantive RICO claim was inadequately alleged, Mr. Lux's claim for conspiracy to commit a RICO violation also failed. *Id.* at 6. Judge DeMarchi further concluded that because the initial complaint failed to state a claim for relief under federal law, it was subject to dismissal for lack of subject matter jurisdiction and thus did not analyze the adequacy of Mr. Lux's state law causes of action. *Id.*

Finding the Prior Order thorough, well-reasoned, and correct in all aspects, the Court now considers whether Mr. Lux's amendments cured the identified deficiencies. With respect to the issue of whether Mr. Lux has adequately identified an "enterprise," which is one of the elements of a RICO claim, the asserted enterprise must be distinct from the RICO defendants. *Cedric*

*Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001). Judge DeMarchi found that the initial complaint failed to clearly identify the participants in the alleged enterprise or the person who improperly conducts its affairs, and also failed to demonstrate that the alleged enterprise was distinct. Prior Order at 5. In response, Mr. Lux alleges that this deficiency has been cured because "Bhin stated that the threats were made because Plaintiff 'had not paid the enterprise.'" *See* FAC ¶¶ 4, 8, 19. The Court disagrees that this additional fact remedies the issue. Labeling something as an "enterprise" does not transform insufficient allegations into an enterprise for the purposes of a RICO claim. Contrary to Mr. Lux's assertion, an enterprise does not exist just because "Defendant named it." *See id.* ¶ 4. Nor has Mr. Lux alleged distinctiveness. Despite adding "Jasvir Kaur - Registered Agent, CEO, Secretary, Director, who maintains the corporate infrastructure enabling the enterprise's operations," to the alleged conspiracy, *id.* ¶ 20, there are no facts stated as to Mr. Kaur or his role that makes the existence of a distinct enterprise remotely plausible.

Having failed to state an essential element of his civil RICO claim, the Court need not analyze the remaining elements to conclude that Mr. Lux has not stated a claim. Furthermore, as Mr. Lux fails to state a substantive RICO claim, his section 1962(d) claim for conspiracy to commit a RICO violation also fails. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("[T]he failure to allege substantive violations [of RICO] precludes [plaintiffs'] claim that there was a conspiracy to violate RICO."). As a final note, to the extent the RICO claims are predicated on alleged "judicial findings made by the Honorable Stephanie Garret of San Mateo Superior Court and sworn admissions made by Defendant Harjot Bhin in open court on June 15, 2026," FAC ¶ 1, the Court takes judicial notice of the state court docket and observes that Mr. Lux's state court petition for a restraining order was denied and the case was dismissed. *See Lux v. Bhim*, No. 26-civ-03961 (Cal. Sup. Ct. May 18, 2026), Dkt. Nos. 7, 8. In other words, the purported findings and admissions were not sufficient to give rise to relief.

In sum, because they are not adequately pleaded, Mr. Lux's federal claims are subject to dismissal.

**2. State Law Claims**

Mr. Lux's remaining claims all arise under state law. Because the complaint does not state a claim for relief under federal law, and there is no diversity jurisdiction, the complaint is subject to dismissal for lack of subject matter jurisdiction. On this basis, the Court cannot exercise supplemental jurisdiction over Mr. Lux's related state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Mr. Lux's ten state law causes of action are dismissed for lack of subject matter jurisdiction, without prejudice to reasserting them in state court.

**3. Leave to Amend**

In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. The Court finds no undue delay or bad faith. However, despite prior dismissal of the initial complaint with guidance regarding amendment, Mr. Lux still has not come close to alleging a viable claim. Prejudice to the Defendants is not at issue, as they have not been served. However, based on Mr. Lux's allegations to date, it appears that granting further leave to amend would be futile. Weighing these factors, especially Mr. Lux's failure to cure the deficiencies identified in the prior dismissal order and the futility of amendment, the Court finds that leave to amend is not warranted. In sum, "[b]ecause of the extreme, implausible, and delusional nature of the claims, . . . there is no chance that [Plaintiff] will be able to amend to state a RICO or other federal claim." *Awasthi v. Intel Corp.*, No. 24-cv-05621-WHO, 2025 WL 1892543, at *3 (N.D. Cal. July 9, 2025);

## III. *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Having screened the FAC, the Court turns to consideration of Mr. Lux's motion for a temporary restraining order.

**1. Legal Standard**

A federal district court may grant temporary injunctive relief pursuant to Federal Rule of

Civil Procedure 65. *See* Fed. R. Civ. P. 65(b). "[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (internal quotation marks and citation omitted). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### 2. Discussion

Alleging an imminent threat of harm, Mr. Lux moves for a temporary restraining order preventing Defendants from approaching him or his family, contacting him or his family, and destroying any evidence. *See* ECF No. 10 at 56. As an initial matter, the Court cannot issue a temporary restraining order in a case in which it does not have subject matter jurisdiction. *See Ryan v. Best in Slot, LLC*, No. 25-cv-2348-AGS-BLM, 2025 WL 2617077, at *2 (S.D. Cal. Sept. 10, 2025) (denying a motion for a temporary restraining order because it lacked subject matter jurisdiction). And because Mr. Lux's federal claims are subject to dismissal without leave to amend and the Court cannot exercise supplemental jurisdiction over Mr. Lux's state and common law claims, the Court does not have subject matter jurisdiction over this action.

The Court lacks subject matter jurisdiction. Accordingly, the Court DENIES Mr. Lux's *ex parte* motion for a temporary restraining order without prejudice to refiling in state court.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Mr. Lux's RICO claims are DISMISSED WITHOUT LEAVE TO AMEND.

(2) As the Court cannot exercise supplemental jurisdiction over the remaining claims, Mr. Lux's state and common law claims are DISMISSED without prejudice to

United States District Court
Northern District of California

reasserting them in state court.

(3) Mr. Lux's *ex parte* motion for a temporary restraining order is DENIED without prejudice to refiling in state court.

(4) The Clerk of the Court SHALL close the case.

Dated: July 23, 2026

BETH LABSON FREEMAN
United States District Judge